IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11CV452-MOC-DSC

| | |
|---|---|
| AMANDA BLOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM AND ORDER** |
| CARLSON HOTELS, AMERICAS | ) |
| COUNTRY INN & SUITES BY | ) |
| CARLSON, INC., & CEVINA, LLC & | ) |
| CHIMAN V. PATEL, in his Individual | ) |
| and Official Capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on "Motion to Dismiss of Defendants Cevina, LLC and Chiman V. Patel," Doc. 8, filed October 12, 2011, Plaintiff's "Motion to Amend Complaint (by leave of Court)," Doc. 12, filed on October 31, 2011, Plaintiff's "Motion to *Correct* Plaintiff's First Amended Complaint," Doc. 19, filed on November 8, 2011, and "Motion to Dismiss of Defendant Country Inns & Suites by Carlson, Inc.," Doc. 23, filed on November 9, 2011 and the parties' associated briefs and exhibits, Docs. 11, 13, 14, 15, 18, 20, 24, 25, 26 and 27.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that "leave [to amend the pleadings] shall be freely given where justice so requires." Fed.R.Civ.P. 15(a).

Plaintiff requested leave to amend her Complaint on October 31, 2011, approximately nineteen (19) days after receiving Defendants Cevina LLC's and Chiman Patel's Motion to Dismiss, Doc. 8. Therefore, she may amend her pleading as a matter of course under Rule 15(a)(1).

On November 8, 2011, Plaintiff filed a "Motion to *Correct* Plaintiff's First Amended Complaint," Doc. 19, stating that when her counsel was inserting the FLSA references into the Amended Complaint, all references to the North Carolina Wage and Hour Act were deleted, which was not counsel's intent.

Rule 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir.2010); Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir.2006).

Because this proposed amendment corrects a scrivener's error, the Court finds that it would not result in undue delay or prejudice to Defendants, and that it is not futile or made in bad faith. Accordingly, the Court **GRANTS** Plaintiff's "Motion to *Correct* Plaintiff's First Amended Complaint," Doc. 19.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F.

3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); <u>Turner v. Kight</u>, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Amend Complaint (by leave of Court)," Doc. 12, is **GRANTED** as a matter of right under Rule 15(a)(1).

2. Plaintiff's "Motion to *Correct* Plaintiff's First Amended Complaint," Doc. 19, is **GRANTED**. For the purposes of clarification the Court notes that the Amended Complaint docketed at Doc. 18 is the Amended Complaint to which Defendants must respond.

3. "Motion to Dismiss of Defendants Cevina, LLC and Chiman V. Patel," Doc. 8, is administratively DENIED as moot without prejudice.

4. "Motion to Dismiss of Defendant Country Inns & Suites by Carlson, Inc.," Doc. 23, is administratively DENIED as moot without prejudice.

5. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO ORDERED.**         Signed: December 5, 2011

David S. Cayer
United States Magistrate Judge