**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv452**

| | |
|---|---|
| AMANDA BLOUNT, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>CARLSON HOTELS, INC. aka )<br>CARLSON HOTELS, AMERICAS and )<br>formerly operating under the corporate )<br>name CARLSON HOTELS WORLD- )<br>WIDE, INC., COUNTRY INN & SUITES )<br>BY CARLSON, INC., & CEVINA, LLC )<br>& CHIMAN V. PATEL, in his Individual )<br>and Official Capacity, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right o file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and

recommendations." Id.  Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#49) is **AFFIRMED,** the Motion to Dismiss the Plaintiff's Second Amended Complaint of Defendants Cevina, LLC and Chiman V. Patel (#43) and the "Motion to Dismiss the Plaintiff's Second Amended Complaint of Defendants Carlson Hotels, Inc. and Country Inns & Suites by Carlson, Inc." (#45) are **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Plaintiff's First Cause of Action, Title VII and Americans with Disabilities Act, is dismissed against all Defendants;

2. Plaintiff's Second Cause of Action, Pregnancy Discrimination Act Violations, is dismissed against all Defendants;

3. Plaintiff's Fourth Cause of Action, Retaliation, is dismissed against Chiman V. Patel, in his individual capacity;

4. Plaintiff's Fifth Cause of Action, Wrongful Discharge, is dismissed against

Chiman V. Patel, in his individual capacity;

5. Plaintiff's Sixth Cause of Action, Negligent Hiring, Retention and Supervision, is dismissed against all Defendants; and

6. he Motions to Dismiss Plaintiff's remaining claims under her Third Cause of Action, Wage and Hour Violations, her Fourth Cause of Action, Retaliation, and her Fifth Cause of Action, Wrongful Discharge, are denied.

Signed: March 26, 2012

Max O. Cogburn Jr.
United States District Judge